Wood, C. J.
It appears to us that the history of a proceeding before a justice of the peace, in a case clearly within his jurisdiction, and when acting in his judicial capacity, is a record. W. S. C. 38, 428. Not for the reasons that the justice has the power of fine and imprisonment, is allowed a clerk, or uses a seal to verify the transcripts of his decisions; but because copies of his docket, unpretending, simple, and informal as they are,-are evidence of so high a nature that they import absolute verity; and unless lost or destroyed, can not be proved per notiora, nor can they be contradicted at all. In this respect they are of equal validity with the court rolls of parliament, or the exemplifications of the highest *99 judicial tribunals of our own country. The idea is not to be tolerated for a moment that domestic court records aro prima facie evidence only of the facts they contain. Judgments may bo impeached, it is true, but not for fraud or falsehood, in the judicial tribunal by whom they are rendered ; nor, as a general rule, in a collateral proceeding. It may be done in a suit by the party injured, or a prosecution against the tribunal, or in a suit directly instituted against the party through whose means, and by whose procurement a fraudulent judgment is obtained. Even a sheriff’s return is conclusion between the parties to a suit, and can only be impeached in a suit against him; so is a constable’s.
If it bo said the recognizance is the ministerial act of the justice only, and not a record, the answer is, the statute requires it to be returned to the court of common pleas; a memorandum of it made, to be considered as of record in that court, and sued by process out of that court, in the same manner as if *taken then, and it therefore becomes a record in that court. Swan, 652. That this recognizance is not a judgment, makes no difference, in our view, as to the manner in which it may or may not be impeached ; for every fact required to be found, and every act required to be done, when recited in a record, is beyond the reach of contradiction. From necessity, to this extent, does the law repose confidence in its judicial officers.
But the question is asked by the defendants: Will the court hold us responsible, when we deny, by our second plea, and the demurrer admits the fact, that ice never acknowledged to owe the debt? The answer is, that a demurrer admits nobbing, except it be well pleaded; and as, in our opinion, this fact can not be averred against the record, it is not admitted.
It is true a recognizance is not a judgment, but it is a contract of record; and, when sanctioned in its creation, by both magistrate and court, having competent jurisdiction, it can not be impeached nor affected-, is tried by inspection, and under the plea only of nul tiel record. Tf it exist, there is the end of the controversy.
Authorities are cited to show that a release of the principal or security may be pleaded, or infancy, coverture, or payment; or that the principal surrendered himself, or was surrendered by his bail, before the return of the ca. sa. sued out, or that the principal died before the default of the recognizance; and the inquiry is *100 made, if such defense can be pleaded, why not that the defendants never acknowledged, the recognizance? The reason appears to us obvious — release, infancy, coverture, or payment, surrender or death of the principal, do not contradict the record, but only avoid its effect, while the pleas in question, put the facts found by the record directly in issue, but do not deny its existence.
The case of Ohio v. Wellman, 3 Ohio, 14, is cited in support of those special pleas. Keeler was discharged from imprisonment on his recognizance, and Wellman was his surety. Wellman plead to the scire facias, that Keeler was not legally imprisoned, to which plea the plaintiff demurred, and judgment *was given for the state. The only point decided by the court was, that the question made by the plea could not be raised in that way.
If the defendants did not in fact acknowledge this recognizance, there is no difficulty in framing a plea to meet the case, without violating any legal rule. They may plead that they are not the same identical defendants, but other persons of the same name, and may meet the plea by such proofs, positive or circumstantial, as will sustain it; and such defense would avoid, as to them, the effect of the record, but not contradict it.
If an instrument which is set up in the declaration as a record be a forgery; or if the court had no jurisdiction of the subject matter, or if there be anything to defeat it as a record; such facts may be shown under the general issue of nul tiel record; but they can not be specially pleaded, because it is a rule of law that nothing shall be plead specially, ivhich amounts to the general issue, and no more. The demurrer to the pleas is sustained, with costs. The cause will be remanded, with leave to defendants to amend their pleas, if desired; and, if not, for trial on the issue of nul tiel record.